UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SHELTON BROTHERS INC.,

                     Plaintiff,

      v.

VINUM WINE IMPORTERS &
DISTRIBUTORS, LLC,

                   Defendant.

CASE NO.

COMPLAINT AND REQUEST FOR
DECLARATORY JUDGMENT

JURY DEMAND

## I.   INTRODUCTION

1.      Plaintiff Shelton Brothers Inc. (hereinafter "Shelton Brothers") brings this action for declaratory judgment pursuant to 28 U.S.C. § 2201 *et seq*., to obtain a judicial declaration that Shelton Brothers is not prohibited by the laws of the State of Washington from assigning distribution of the alcoholic beverage products it sells between or among two or more distributors within the Washington market; for damages for loss of profits and other harm caused by Defendant Vinum Wine Importers & Distributors, LLC's (hereinafter "Vinum's") breach of contract, breach of its duty of good faith and fair dealing and interference with business expectancies; and for injunctive relief preventing Vinum from continuing its commercial disparagement of Shelton Brothers in the Washington market.

COMPLAINT AND REQUEST FOR DECLARATORY
JUDGMENT - 1

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

4837-2909-0127

## II.   PARTIES

2.      Plaintiff Shelton Brothers is incorporated under the laws of the Commonwealth of Massachusetts, with a principal place of business at 205 Ware Road, Belchertown, Massachusetts.

3.      Defendant Vinum is a Washington company, with a principal place of business at 1938-D Occidental Avenue South, Seattle, Washington.

## III.   JURISDICTION, VENUE, AND DEMAND FOR JURY TRIAL

4.      This is an action for declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201(a), for the primary purpose of determining a question of actual controversy between the parties, and for additional relief requested herein.

5.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1).

7.      Plaintiff hereby demands a trial by jury of all issues in this matter.

## IV.   FACTUAL ALLEGATIONS

**A.      Background.**

8.      Shelton Brothers is an importer, exporter, wholesaler, and master distributor of foreign and domestic beer, cider, wine, and spirits, made by well more than one hundred small "artisanal" producers mostly located in Europe, and some in the United States and Canada.

9.      Shelton Brothers holds federal Basic Permits as an importer and a wholesaler of beer and other alcoholic beverages.

10.      Shelton Brothers aggregates multiple suppliers of products in order to provide small producers with wider distribution and to allow them, collectively, to bargain fairly with larger distributors than the producers could on their own.

11.      Vinum is a beer, wine, and spirits wholesale distributor licensed to import and distribute alcohol in Washington.

COMPLAINT AND REQUEST FOR DECLARATORY
JUDGMENT - 2

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

4837-2909-0127

12.     On or about October 2014, Shelton Brothers and Vinum tentatively agreed to form a commercial relationship for the import and distribution of alcoholic beverage products into Washington, pending the drafting and negotiation of a formal partnership agreement.

13.     Under the parties' interim agreement, Vinum would purchase product from Shelton Brothers on a transaction-by-transaction basis, fulfill retailer orders, invoice Shelton Brothers for the limited costs of fulfillment, and send a portion of profits to Shelton Brothers.

14.     At the time the parties formed their interim agreement, the parties contemplated annual purchase volumes in excess of one million dollars.

15.     The parties never agreed that Vinum would be the exclusive distributor for Shelton Brothers products, and never agreed that Shelton Brothers was prohibited from selling those products to any other Washington importer and distributor—a practice commonly referred to as "dualing" distribution.

**B.      The Present Controversy.**

16.     Vinum violated the parties' interim agreement in several ways, including but not limited to failing to pass on profits.  Vinum stopped making required payments after approximately six months.

17.     Vinum inflated its figures for costs and expenses, thereby reducing the amount of actual profits it showed to Shelton Brothers for sales of Shelton Brothers products to retailers, and improperly offset payments to Shelton Brothers for substantial costs beyond those contemplated by the parties' agreement.

18.     Vinum's purchase performance fell and continues to fall well below the levels contemplated by the parties when they formed the interim agreement.

a.      In 2015, Vinum's purchases totaled $509,871.87.

b.      In 2016, Vinum's purchases totaled $321,695.84.

c.      In 2017 through March 17, 2017, Vinum's purchases totaled $29,849.00.

COMPLAINT AND REQUEST FOR DECLARATORY
JUDGMENT - 3

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

4837-2909-0127

19.     Vinum has consistently paid invoices late and failed to follow Shelton Brothers' invoice terms and conditions and published policies for requesting credits.  Although it was given generous ninety-day payment terms, Vinum has only paid one out of thirty-five invoices timely, with an average length of payment exceeding 190 days.

20.     On March 17, 2017, Shelton Brothers sent Vinum a demand for payment letter for eight outstanding invoices between one and 213 days past due, totaling $89,441.32 exclusive of interest.

21.     On May 23, 2017, a Vinum employee emailed Shelton Brothers, stating that the parties' arrangement was changed in 2016 and was no longer a profit sharing agreement.

22.     Shelton Brothers had not agreed to the purported change in the parties' interim agreement.

23.     In light of Vinum's untimely and declining payments, its failure to exert best competitive efforts in selling Shelton Brothers' products, and its demonstrated inability to deliver efficient and effective distribution of products throughout Washington, Shelton Brothers decided to begin dualing distribution of products, with a goal of creating its own distribution company to provide the level of service and attention to Shelton Brothers' products that Shelton Brothers expects on behalf of its suppliers.

24.     In a telephone conversation on or about July 2017, Shelton Brothers' President, Daniel Shelton, informed the President of Vinum, Mike De Maar, that Shelton Brothers intended to sell product to distribution companies other than Vinum in which Shelton Brothers had or would have a financial interest.

25.     In an August 28, 2017, phone call between Mr. De Maar and Christian Gregory, a Shelton Brothers employee, Mr. De Maar threatened action against Shelton Brothers if Shelton Brothers did not refrain from dualing, including that Shelton Brothers would be liable for unspecified damages between three and fifteen times Vinum's annual gross profits.

COMPLAINT AND REQUEST FOR DECLARATORY
JUDGMENT - 4

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

4837-2909-0127

26.     Mr. De Maar also stated that if Shelton Brothers would not agree to sell its products solely to Vinum for the purpose of distribution in Washington, Vinum would pursue legal action to prevent Shelton Brothers from selling its products to any other licensed Washington distributor.

27.     After the August 28 phone call, Shelton Brothers discovered that Vinum has a policy of limiting or "capping" purchases of products from Shelton Brothers to $20,000 per month.  Shelton Brothers believes this is because Vinum lacks the financial resources to purchase Shelton Brothers' products costing more than the capped amount.

28.     Shelton Brothers believes, based upon its history of sales in Washington, and the experience and market research of Shelton Brothers' representatives in Washington, that sales of Shelton Brothers' products to Washington distributors would otherwise be far in excess of Vinum's monthly cap on purchases.

29.     At least one order from a Washington retailer was refused due to Vinum's cap on purchases.

30.     Vinum and/or its employees or agents have represented to Washington retailers and consumers that Shelton Brothers is unreasonably refusing to sell products to Vinum and creating supply constraints.

31.     Vinum has falsely communicated to Shelton Brothers that the Revised Code of Washington, at Ch. 19.126.010 *et seq.* prohibits Shelton Brothers from dualing distribution of products, and that if Shelton Brothers continues dual distribution, Vinum is entitled to damages exceeding $75,000.

32.     If Shelton Brothers is compelled to sell products exclusively to Vinum, and therefor prevented from selling products to other licensed Washington wholesale importers and distributors, its losses will exceed $75,000.

COMPLAINT AND REQUEST FOR DECLARATORY
JUDGMENT - 5

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

4837-2909-0127

## V.   CAUSES OF ACTION

### COUNT I
### For Declaration That Shelton Brothers' Is Not Prohibited by RCW 19.126.010 *et seq.* From Dualing Distribution

33.     Shelton Brothers re-alleges the allegations of paragraphs 1 through 32 of the Complaint by reference as though fully set forth herein.

34.     An actual controversy presently exists between Shelton Brothers and Vinum regarding the permissibility of Shelton Brothers' dualing distribution in the State of Washington.

35.     The controversy is directly related to and possibly determinative of Shelton Brothers' commercial success in the Washington market and is of sufficient immediacy and magnitude to justify the issuance of a declaratory judgment.

36.     The issuance of declaratory relief by this Court will terminate some or all of the existing controversy between the parties.

37.     The parties entered into an interim agreement in or about October 2014.

38.     The interim agreement was not exclusive and did not prohibit Shelton Brothers from dualing distribution.

39.     Nothing in RCW 19.126.010 *et seq.* prevents Shelton Brothers from dualing distribution.

40.     Accordingly, Shelton Brothers is entitled to a declaration that it is not prohibited from dualing distribution.

### COUNT II
### Breach of Contract

41.     Shelton Brothers re-alleges the allegations of paragraphs 1 through 40 of the Complaint by reference as though fully set forth herein.

42.     In or about October 2014, the parties entered into the interim agreement.

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

43.     The terms of the interim agreement included profit-sharing, an implied promise to exert best efforts toward the sale and distribution of products, and specific payment terms (duly reflected on invoices issued to Vinum by Shelton Brothers).

44.     Vinum repeatedly breached the contract by actions including but not limited to: failing to make profit sharing payments, failing to exert best efforts for the sale and distribution of products, improperly limiting its purchases of Shelton Brothers' products, improper accounting and profit calculations, and failing to pay invoices in accordance with agreed payment terms.

45.     As a direct and proximate result of Vinum's breaches, Shelton Brothers has suffered and will continue to suffer substantial direct and consequential damages, including the monetary loss of profits from sales of products.

**COUNT III**
**Breach of Duty of Good Faith and Fair Dealing**

46.     Shelton Brothers re-alleges the allegations of paragraphs 1 through 45 of the Complaint by reference as though fully set forth herein.

47.     In or about October 2014, the parties entered into an interim agreement.

48.     A duty of good faith and fair dealing is implied in every contract, requiring that the parties cooperate with each other to ensure that each may obtain the full benefit of performance.

49.     Vinum breached its duty of good faith by failing to pay invoices timely, which forced Shelton Brothers to withhold selling more products until past due invoices were paid, by inflating costs, by improperly including costs in "billbacks"—that is, claims for reimbursement or credit—to Shelton Brothers, by unilaterally changing the terms of the tentative agreement in or about 2016, by repeatedly refusing to respect Shelton Brothers' invoice terms and conditions and published policies for the issuance of credits, and by failing to exert best efforts for the sale and distribution of products and improperly limited the purchase of those products.

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

50.     As a direct and proximate result of Vinum's breaches, Shelton Brothers has suffered and will continue to suffer substantial direct and consequential damages, including the monetary loss of profits from the sale of products.

### COUNT IV
### Tortious Interference With Business Expectancies

51.     Shelton Brothers re-alleges the allegations of paragraphs 1 through 50 of the Complaint by reference as though fully set forth herein.

52.     Shelton Brothers is not prohibited from dualing distribution with other Washington importers and wholesalers, and dualaring distribution has a probability of future economic benefit for Shelton Brothers.

53.     Vinum is aware that other Washington importing wholesalers desire to dual distribution for products from Shelton Brothers.

54.     Vinum has threatened action against third parties with which Shelton Brothers has a contractual expectancy should Shelton Brothers sell beer for distribution to any other Washington importer/wholesaler.

55.     Vinum interfered with the business expectancies of Shelton Brothers for improper purposes, including its intent to injure Shelton Brothers in retaliation for Shelton Brothers' decision to dual distribution.

56.     Vinum's interference has caused and will cause Shelton Brothers to suffer special and general damages, including the monetary loss of profits on sales of products.

### COUNT V
### Commercial Disparagement

57.     Shelton Brothers re-alleges the allegations of paragraphs 1 through 56 of the Complaint by reference as though fully set forth herein.

58.     By making and/or causing false and untrue statements to be made directly to Washington retailers, Vinum published the disparaging statements to one or more people.

COMPLAINT AND REQUEST FOR DECLARATORY
JUDGMENT - 8

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

4837-2909-0127

59.     Vinum's statements that Shelton Brothers unreasonably refused to sell products to Vinum are false and untrue, and disparaged Shelton Brothers' business services as well as the products that Shelton Brothers sells and the producers of those products.

60.     Vinum published and/or caused the publishing of false and disparaging statements with knowledge that the statements are false, or with reckless disregard of the falsity of the statements.

61.     Vinum intended the publication to cause harm to Shelton Brothers or reasonably should have recognized that publication would result in harm to Shelton Brothers.

62.     Alternatively, Vinum reasonably should have recognized that its false and untrue statements concerning Shelton Brothers' services and products made to retailer customers would harm Shelton Brothers' business.

63.     Vinum's publication of false and untrue statements caused Shelton Brothers to suffer special and general damages, including the monetary loss of profits from sales of products sold or offered by Shelton Brothers and injury to the reputation of Shelton Brothers.

64.     Additionally, Shelton Brothers requests injunctive relief to prevent Vinum from further and irreparably damaging Shelton Brothers through the publication of false and untrue statements.

## VI.   RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment in its favor as follows:

A.      Declaring that Shelton Brothers' election to dual distribution is not prohibited by RCW 19.126.010 *et seq.*

B.      Finding that Vinum has breached its agreement with Shelton Brothers.

C.      Finding that Vinum breached its duty of good faith and fair dealing.

D.      Finding that Vinum has tortiously interfered with Shelton Brothers' business expectancies.

COMPLAINT AND REQUEST FOR DECLARATORY
JUDGMENT - 9

4837-2909-0127

1    E.      Awarding Shelton Brothers recovery of damages, punitive damages, costs, and

2  reasonable attorneys' fees.

3    F.      Enjoining Vinum from its false and wrongful commercial disparagement of Shelton

4  Brothers in its representations to Washington retailers or consumers.

5    G.      Granting such additional relief as the Court deems proper and just.

6    DATED this 13th day of September, 2017.

7                                              Respectfully submitted,

8                                              SUMMIT LAW GROUP PLLC
                                               Attorneys for Plaintiff Shelton Brothers Inc.
9

10                                             By *s/ Philip S. McCune*
                                                   Philip S. McCune, WSBA #21081
11                                                 *philm@summitlaw.com*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

COMPLAINT AND REQUEST FOR DECLARATORY
JUDGMENT - 10

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

4837-2909-0127